UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                        Plaintiff,

  v.                                                                    Case No. 25-cv-1154-pp

JASON HILL, *et al.*,

                        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFF TO PAY FULL $405 FILING FEE**

      Plaintiff Timothy Durley, an individual incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. He also seeks leave to proceed without prepaying the filing fee. Dkt. No. 2.

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, if he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his institutional trust account. Id.

      That said, if an incarcerated plaintiff has already filed three or more cases or appeals that were dismissed as frivolous or malicious or for failure to

state a claim upon which relief can be granted, the plaintiff must prepay the entire $405 filing fee, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, an incarcerated plaintiff is said to have struck out once he has accrued three dismissals under this rule.

The plaintiff has struck out. This court has dismissed three of his previous cases for failing to state a claim upon which relief can be granted. Durley v. Tritt, *et al.*, 21-cv-281-pp (judgment entered Apr. 27, 2021); Durley v. Tritt, *et al.*, 21-cv-628-pp (judgment entered June 30, 2021); and Durley v. Ahlborg, 21-cv-153-pp (judgment entered July 20, 2022); see also Durley v. Hohenstern, *et al.*, 22-cv-1293-pp, Dkt. Nos. 38, 40 (finding plaintiff had accumulated three strikes, revoking *in forma pauperis* status and dismissing case for plaintiff's failure to pay full filing fee).

That means the plaintiff may proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In making this determination, the Seventh Circuit Court of Appeals has cautioned courts not to evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). But "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without prepaying the full filing fee when the imminent danger allegations are "conclusory" or where they concern only past injuries. Id. (quoting Ciarpaglini, 352 F.3d at 330–31)

(explaining that "the harm must be imminent or occurring at the time the complaint is filed"). In short, "[t]he 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

The complaint alleges that in October 2022, the plaintiff reached through the trap door in his cell, grabbed the arm of an officer who was performing medication pass and grabbed the medication cart before the officer pulled it away. Dkt. No. 1 at 4. The plaintiff received a conduct report for his actions. Id. Later that day, correctional staff—including the three defendants—came to the plaintiff's cell to perform a cell extraction based on his earlier actions. Id. at 4–5. The plaintiff says he fought with staff during this extraction before staff took him to the ground, where the plaintiff stopped resisting. Id. at 5. He says one of the defendants then claimed the plaintiff was biting him, and all three defendants began to strike the plaintiff and use their tasers on him. Id. The plaintiff says correctional staff then handcuffed him and took him to the medical department for treatment of his injuries. Id. The plaintiff claims that the defendants used excessive force during the cell extraction in violation of his Eighth Amendment rights. Id. at 6. He seeks damages and injunctive relief. Id.

The plaintiff's complaint does not allege that he is in imminent danger of serious physical injury. As the court explained above and previously explained to the plaintiff in his past cases, allegations of past harm do not satisfy the

exception in §1915(g). See Case. No. 22-cv-1293-pp, Dkt. No. 38 at 6 (citing Ciarpaglini, 352 F.3d at 330); Case No. 24-cv-257-pp, Dkt. No. 12 at 5–6 (same). The complaint alleges only past harm that the plaintiff says occurred on a single occasion nearly three years ago. It does not allege any present harm, or even recent harm, that poses an imminent threat to him. These allegations do not satisfy the exception in §1915(g). The court will deny the plaintiff's motion to proceed without prepayment of the filing fee. If the plaintiff wishes to proceed in this case, he must prepay the full $405 filing fee.

The court **DENIES** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must prepay the $405 filing fee by the end of the day on **September 25, 2025**. If the court does not receive the full filing fee by the end of the day on September 25, 2025, the court will dismiss this case without prejudice and without further notice to the plaintiff.

Dated in Milwaukee, Wisconsin this 26th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**