UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                             Case No. 25-cv-1154-pp

JASON HILL, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR SUPPLEMENT COMPLAINT (DKT. NO. 11) AND DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT (DKT. NO. 12)**

On October 14, 2025, the court screened plaintiff Timothy Durley's complaint and allowed him to proceed on an Eighth Amendment claim of excessive force against Correctional Officer Jason Hill. Dkt. No. 10. The court did not allow the plaintiff to proceed on claims against Sergeant Rodney Reynolds and Lieutenant Christopher Schwab because the allegations in his complaint did "not support a claim that those officers used force maliciously to cause harm or that they knew that Hill was using excessive force and had a realistic opportunity to intervene and stop him." Id. at 6–7 (quotation omitted). The court dismissed Sergeant Reynolds and Lieutenant Schwab. Id. at 8.

The court has since received two motions from the plaintiff—one to amend the complaint, dkt. no. 11, and the other to amend the judgment, dkt. no. 12. This order addresses those motions.

**I.  Motion to Amend or Supplement the Complaint (Dkt. No. 11)**

On October 16, 2025, only two days after the court entered the screening order, the court received the plaintiff's motion to amend and/or supplement his complaint. Dkt. No. 11. The plaintiff recounts the court's order and cites Federal Rule of Civil Procedure 15(a). Id. at 1. He then states that the court should allow him to amend his complaint to add details to his allegations, including that Lieutenant Schwab was "not wearing no protective gear—nor a helmet on his head—he would've saw [sic] [the plaintiff] clear as day not moving, resisting, only laying there." Id. He also seeks to add an allegation that even though Sergeant Reynolds was wearing protective gear and a helmet, "he could have seen, its was [sic] nothing smeared on his helmet nor was there on his helmet [sic] that could've prevented him from seeing from that, which the Plaintiff can produce evidence on both of them." Id. The plaintiff also cites Harper v. Albert, 400 F.3d 1052, 1064 (7th Cir. 2005), for the proposition that a defendant "may be liable for failing to stop another officers [sic] use of excessive force if the defend[a]nts knew that the other officer was violating the plaintiff's constitutional rights and the defend[a]nts had a realistic opportunity to prevent the violation." Id. at 2. The plaintiff asks the court to allow him to amend his complaint to proceed against Sergeant Reynolds and Lieutenant Schwab. Id.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P.

15(a)(1). But the court retains "'broad discretion' to deny leave to amend, such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where amendment would be futile." Thomas v. Dart, 39 F.4th 835, 840 (7th Cir. 2022) (quoting Huon v. Denton, 841 F.3d 733, 745 (7th Cir. 2016)).

The court will deny the plaintiff's motion and will not allow him to amend his complaint. First, the court does not allow a party to litigate piecemeal—providing additional details, defendants or claims "bit by bit in different pleadings." Sales v. Johnson, Case No. 23-cv-397, 2024 WL 1051326, at *1 (E.D. Wis. Mar. 11, 2024) (citing Civil Local Rule 15(a) (E.D. Wis.); Markovic v. Milwaukee Secure Det. Facility, Case No. 19-CV-675, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); Jenkins v. City of Kenosha, Case No. 17-CV-1779, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018)). The plaintiff's motion to amend is an improper attempt to add, in a separate pleading, details to his claim that he did not include in his complaint.

Second, the court's Local Rules require that a party moving to amend must "reproduce the entire pleading as amended," attach the proposed amended pleading to the motion and "state specifically what changes are sought by the proposed amendments." Civil L.R. 15(a)–(b). The plaintiff did not attach to his motion to amend a proposed amended complaint that contains both his new allegations *and* his previous allegations against all defendants. Instead, he lists only the new details he wishes to add to his original complaint. The plaintiff's motion does not comply with the court's local rules, which is another reason to

deny it. See McCurry v. Kenco Logistics Servs., LLC, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district courts may strictly enforce local rules against *pro se* parties).

Finally, even if the court were to allow the plaintiff to add these new allegations to his complaint, they would not change the court's conclusions. The court explained in the screening order that the plaintiff's complaint sufficiently alleged that Officer Hill used unnecessary force "after officers got [the plaintiff] to the ground and onto his back [and] he stopped resisting and fighting." Dkt. No. 10 at 6. The plaintiff had alleged "that Officer Hill falsely claimed that the plaintiff bit him and then hit him several times in the face," which—if true—could "suggest that Hill's continued use of force was unnecessary and done 'for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). But the plaintiff's allegations demonstrated that Sergeant Reynolds and Lieutenant Schwab did not use excessive force because "Hill's assertion that the plaintiff bit him . . . justified their continued use of force to restore discipline and neutralize the perceived threat to their colleague." Id. The plaintiff did not allege "that Reynolds and Schwab had any reason to disbelieve Hill; his allegations suggest that they had to react quickly in a dangerous and volatile situation to avoid further harm to themselves or others." Id. at 6–7.

Nothing in the plaintiff's motion to amend changes these conclusions. The plaintiff newly states that Schwab was not wearing protective gear, so he "would've saw" the plaintiff on the ground and not resisting. He similarly alleges that Reynolds "could have seen" the plaintiff on the ground. But the

court did not dismiss these defendants based on what the plaintiff alleged they did or did not *see* during the alleged events. The court determined that they had a reasonable basis to continue using force based on Hill's *statement* that the plaintiff bit him. The plaintiff also does not say that the officers *were* watching him when Hill claimed the plaintiff bit him, which could suggest that they knew Hill's statement was false. He alleges only that Schwab "would've saw" him and that Reynolds "could have seen" him on the ground and not resisting. These "speculative and conclusory allegations" about what these defendants might have seen are insufficient to support a claim under §1983. Hanks v. Hubbard, Case No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554–56 (2007)). Because the plaintiff's new allegations would not change the court's analysis of his Eighth Amendment claim, it would be futile to allow him to amend his complaint as he requests.

For these reasons, the court will deny the plaintiff's motion to amend his complaint and will not reinstate Schwab and Reynolds as defendants.

## II.    Motion to Alter or Amend the Judgment (Dkt. No. 12)

On October 28, 2025, the court received the plaintiff's motion to alter or amend the judgment. Dkt. No. 12. The plaintiff cites Federal Rule of Civil Procedure 59(e) and, as he did in his motion to amend the complaint, asks the court to amend its previous order to allow him to proceed against defendants Schwab and Reynolds. Id. at 1. The plaintiff cites the same "omission of facts" that he discusses in his motion to amend his complaint. Id. He says that he

5

Case 2:25-cv-01154-PP    Filed 11/19/25    Page 5 of 9    Document 15

"omitted" from his complaint his allegations about the defendants being able to see him on the ground and not resisting at the time of the alleged use of force. Id. at 1–2. He says that there is "audio video footage as well as non video footage" of these events. Id. at 2. He again cites Harper in support of his request to reinstate Schwab and Reynolds as defendants in this case. Id.

Alternatively, the plaintiff asserts that he "will be able to prove with audio video and nonaudio video that 'Schwab' and 'Reynolds' had a good reason to disbelieve Hill." Id. He says that he "can prove this through" these videos, "admissions to each defend[a]nt," interrogatories and "whatever else the Plaintiff can use as evidence obtained by his discovery request[ ] to prove his case." Id. He asks the court to grant his motion "in its entirely [*sic*]" and "to alter and or amend its judgment and to allow the Plaintiff to proceed also on his claims against" Reynolds and Schwab. Id. at 3.

The plaintiff brings his motion under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the entry of judgment. But the court has not entered judgment. The October 14, 2025 order is a screening order, not a final judgment, and the court allowed the plaintiff to proceed on a claim against Officer Hill. Because the court has not entered judgment, it will construe the plaintiff's motion as a motion for reconsideration of the court's previous order under Federal Rule of Civil Procedure 54(b). That rule provides, in part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties

and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that wasn't available before the court ruled. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not presented a valid basis for relief under Rule 54(b). He does not assert that the court committed a manifest error of law, nor does he present newly discovered evidence that was not previously available. Instead he admits that he "omitted" allegations from his complaint, and he seeks to add those allegations through this motion and his motion to amend his complaint. But the plaintiff may not use a motion for reconsideration—whether under Rule 54(b) or 59(e)—"to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment" or the previous order. Bordelon v. Chi. Sch. Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). Even if the court were to allow the plaintiff to include these new (but not newly discovered) allegations, the court has

explained above why the allegations would not change the court's conclusion that the plaintiff does not state a claim against defendants Reynolds and Schwab.

Alternatively, the plaintiff asks the court to allow him to proceed against Reynolds and Schwab because he "will be able" to prove a missing element of his claim against them using information that he says he can obtain through discovery. This alternative argument misses the point. It is the plaintiff's responsibility to allege facts *in the complaint* that state a plausible claim for relief against the defendants. See Dkt. No. 10 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 570). The court has explained in the screening order and again in this order why the plaintiff's complaint does not meet that standard and fails to state a claim against Reynolds or Schwab. In making this alternate argument, the plaintiff appears to concede that his complaint does not state a claim against those defendants. The plaintiff may not conduct discovery in an attempt to find information that might cure the pleading defects in his complaint. See Bissessur v. Ind. Univ. Bd. of Trs., 581 F.3d 599, 603 (7th Cir. 2009) (citing Twombly and explaining that "the complaint itself must contain sufficient factual detail . . . before discovery may commence").

### III. Conclusion

At screening, the court concluded that the plaintiff's complaint does not state a claim against defendants Reynolds and Schwab, and nothing in either of the plaintiff's motions changes that conclusion. The court will deny the

plaintiff's motions to amend his complaint and to amend or alter the court's previous decision. The plaintiff may not proceed against Reynolds and Schwab. This case will proceed only on the plaintiff's Eighth Amendment claim against Officer Hill, as the court explained in the October 14, 2025 screening order.

The court **DENIES** the plaintiff's motion to amend and/or supplement his complaint. Dkt. No. 11.

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 19th day of November, 2025.

BY THE COURT:

HON. PAMELA PEPPER
**Chief United States District Judge**