UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY DURLEY,

Plaintiff,

v. Case No. 25-cv-1154-pp

JASON HILL,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS (DKT. NO. 32)**

---

Plaintiff Timothy Durley, who is incarcerated at Waupun Correctional Institution and is representing himself, filed this lawsuit under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim of excessive force against Correctional Officer Jason Hill. Dkt. No. 10. The defendant filed an answer to the complaint, dkt. no. 16, and on March 13, 2026, the court issued a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment, dkt. no. 24. The plaintiff has filed a motion for spoliation sanctions. Dkt. No. 32. The court will deny the motion.

The plaintiff's motion states that video of the hallway "both ways" involving the October 28, 2022 alleged excessive force incident was not preserved. Dkt. No. 32. The plaintiff moves under Federal Rule of Civil Procedure 37(e) for an evidentiary hearing to expand the record as to how and/or why the evidence was destroyed despite his prior request to preserve the video footage; he requests $25,000 compensation for "spoliation of this

evidence" and a jury instruction regarding the evidence should the case go to trial. Id. at 3.

The plaintiff states that a few days after the alleged excessive force incident, he wrote to the person at Waupun who preserves video footage and timely requested to have "B-upper-low side hallway cameras both ways" preserved. Dkt. No. 33 at 1, 3. He says that the requested footage would have supported his claim that the defendant hit him three to seven times in the face. Id. at 3. The plaintiff states that the person who responded to his video preservation request said that the videos had been preserved. Id. He states that after filing this lawsuit, defense counsel said in response to a discovery request for the video footage, "We do not possess this footage, please note that multiple videos of the incident have already been preserved and provided, including handheld camera." Id. at 2. The plaintiff states that he believes the requested hallway footage was destroyed to cover up staff misconduct. Id. at 7.

The defendant responds that the court should deny the plaintiff's motion because there is no evidence of bad faith on the part of the defendant. Dkt. No. 42 at 1, 6. The defendant also states that he did not have any personal involvement in video preservation at Waupun and would not have had the ability to destroy any video footage. Id. The defendant asserts that the plaintiff is not unfairly prejudiced by the lack of video footage. Id. at 1, 9. According to the defendant, the plaintiff submitted one relevant video preservation request at Waupun after the incident in which he sought: (1) RHU B-upper hallway footage, both ways, from October 28, 2022 from 5pm-6pm; (2) all handheld video camera footage from 5:00 p.m.- 6:00 p.m. on October 28, 2022; and (3) any pictures of the plaintiff's injuries sustained on October 28 or 29, 2022. Id. at 3. On December 29, 2022, a staff member responded that the first two

requests were completed, but the third could not be fulfilled because the coordinator did not have any photographs of injuries to preserve. Id. The defendant states that any unsaved security camera footage would have been overwritten automatically in the security camera system. Id. He asserts that hallway footage does not capture audio and, therefore, would not have documented any conversation or comments that took place. Id.

The defendant states that on April 2, 2026, the Wisconsin Department of Justice (DOJ) received the plaintiff's first request for production of documents in which he requested "a complete copy of all hand held camcorder dated October 28, 2022 time 5:00 pm to 6:00 pm to inspect and copy concerning me." Id. at 4. In response, the DOJ explained that it had made available, through the litigation coordinator at the institution, the handheld camera video of Lt. Schwab and the suit up team as well as Officer Chamberlain's body worn camera footage. Id. The plaintiff also requested, "A complete copy of all hallway video footage of 'RHU' restrictive housing unit B – Upper lowside, both ways date October 28, 2022 time 5:00 pm – 6:00 pm to inspect and copy concerning me." Id. The DOJ responded that it had made available, through the litigation coordinator, the hallway surveillance video of the October 28, 2022 cell extraction and the hallway surveillance video of the staff assault from that day. Id.

The plaintiff replies that he is prejudiced without the video footage because it would contradict the defendant's version of the events. Dkt. No. 52 at 1-2. He states that the body worn camera, which he never requested, is irrelevant to the case because it involves a non-defendant. Id. at 2. The plaintiff states that there is evidence of bad faith in that the video hall footage from only

one side was preserved and the other was not. Id. at 3. He asserts that the missing video would have shown the defendant hitting him in the face. Id.

Federal Rule of Civil Procedure 37(e) provides in relevant part:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because *a party failed to take reasonable steps to preserve it*, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) *only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may*:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must not presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

(emphasis added). The "destruction of or inability to produce [evidence], standing alone, does not warrant an inference that the [evidence], if produced, would have contained information adverse to the [defendant's] case." Trover v. Oglesby, Case No. 24-1733, 2026 WL 457254, at *4-*5 (7th Cir. Feb. 18, 2026) (quoting Park v. City of Chicago, 297 F.3d 606, 615 (7th Cir. 2002)). "The crucial element is not that the evidence was destroyed but rather the reason for the destruction." Id. (quoting S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co., 695 F.2d 253, 258 (7th Cir. 1982)). As the moving party, the plaintiff bears the burden of establishing that a defendant acted in bad faith, which requires destruction "for the purpose of hiding adverse information." Id. (quoting Bracey v. Grondin, 712 F.3d 1012, 1019 (7th Cir. 2013) (internal quotation marks omitted)).

The plaintiff has not submitted evidence that the defendant had any involvement in the failure to preserve video footage. Even if the defendant knew

about the plaintiff's video preservation requests, he did not have the authority to delete video from the security camera system or to delete saved video footage. Dkt. No. 42 at 4. The plaintiff is not entitled to sanctions because the defendant was not involved in video preservation at Waupun. See Bentz v. Lindenberg, 854 F. App'x 55, 56 (7th Cir. 2021) (no adverse-instruction warranted because plaintiff provided no proof that defendants were personally involved in alleged destruction of video) (citing Bracey, 712 F.3d at 1018-19 (affirming decision to decline an adverse-instruction request because plaintiff lacked evidence that defendants had destroyed video)). Because the plaintiff is not entitled to sanctions, the court will deny his motion.

The court **DENIES** the plaintiff's motion for spoliation sanctions. Dkt. No. 32.

Dated in Milwaukee, Wisconsin this 29th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**